# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                                No. 1:16-cr-1697-WJ

LEONARD DODGE,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART GOVERNMENT'S FIRST *OMNIBUS* MOTION IN LIMINE and MOTION FOR *LAFLER/FRYE* HEARING

THIS MATTER comes before the Court upon the Government's First *Omnibus* Motion in *Limine*, filed May 14, 2018 **(Doc. 60),** and the Government's Motion for *Lafler/Frye* Hearing, filed May 14, 2018 **(Doc. 57).** Having reviewed the parties' briefs and applicable law, the Court finds that the Government's motions are well-taken and, therefore, are **GRANTED IN PART**. The motions are otherwise set for hearing on **July 23, 2018.**

## BACKGROUND

Defendant is charged with killing John Doe by striking him with an axe, with malice aforethought, in violation of 18 U.S.C. §§ 1153 and 1111. During an allegedly voluntary confession, Defendant admitted to getting into an altercation with John Doe. He alleges John Doe swung a piece of firewood at him, scraping his face, and that he picked up an axe and struck John Doe in the neck with it. Defendant filed a Motion to Suppress **(Doc. 54)** this confession which is currently set for hearing on July 23, 2018.

## DISCUSSION

I. <u>**Defendant's Exculpatory Hearsay Statements Should be Excluded**</u>.

The Government seeks to prohibit Defendant from introducing his prior exculpatory statements, because they are hearsay. The Government argues that these statements cannot be admitted as exceptions to hearsay under Fed. R. Evid. 801(d)(2), because the statements at issue here are self-serving or exculpatory statements.

The Court agrees. The hearsay rule generally excludes self-serving or exculpatory statements made and offered by a party, and Defendant has provided no exception. *See United States v. Larsen*, 175 F. App'x 236, 241 (10th Cir. 2006) ("Rule 801(d)(2), which excludes from the definition of hearsay admissions by a party-opponent, does not apply because that rule does not permit self-serving, exculpatory statements made by a party and offered by that same party."); *see also United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) ("[A] defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross-examination"), *and United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

Defendant argues that his prior exculpatory statements should be admitted without him taking the stand, because his limited intellectual capacity makes him vulnerable to suggestion on cross-examination. Defendant has not provided, and the Court has not found, any law or case that indicates that the hearsay rules are abrogated because of a Defendant's limited intellectual capacity. Therefore, the Court concludes that the Government's request to exclude exculpatory hearsay statements is well-taken. Defendant's prior exculpatory statements are therefore **EXCLUDED.**

**II.     Defendant's Reference to Self-Defense**.

The Government seeks to exclude any evidence or discussion of self-defense, unless Defendant makes a threshold showing of the elements of self-defense. Generally, a defendant must make a threshold showing on the elements of an affirmative defense prior to the presentation of the evidence to the jury. *United States v. Bailey,* 444 U.S. 394, 412-15, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). Other circuits have applied this requirement to an assertion of self-defense. *See United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998) ("A judge may, and generally should, block the introduction of evidence supporting a proposed defense unless all of its elements can be established."), *citing Bailey*; *cf. Lakin v. Stine*, 80 F. App'x 368, 374 (6th Cir. 2003) ("No due process violation occurs from the failure to give an instruction on a defense where there was insufficient evidence as a matter of law to support such a charge."). It appears that Defendant concedes that this requirement applies here. *See* **Doc. 73, p. 4.**

A Defendant may not present an affirmative defense that lacks any evidentiary support. *See United States v. Fraser*, 647 F.3d 1242, 1245 (10th Cir. 2011) ("No one, after all, has a right under the Constitution or at common law to present evidence that is insufficient as a matter of law to establish any recognized defenses."); *see also United States v. Barrett*, 797 F.3d 1207, 1218 (10th Cir. 2015) (self-defense instruction warranted if, based on evidence presented, jury could have had a reasonable doubt that defendant believed he was in imminent danger of death or great bodily harm).

Defendant argues that John Doe attacked him, and that he therefore had a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force. However, Defendant has not indicated what evidence will be proffered. The Court concludes that a proffer of evidence to support the affirmative defense of self-defense is

necessary. Therefore, Defendant is ordered to proffer evidence, though representations of counsel, which would support a theory of self-defense[1] at the **July 23, 2018 hearing**.

### III. References to Potential Punishment.

The Government argues that any reference to potential punishment should be excluded at trial. *See Shannon v. United States*, 512 U.S. 573, 579 (1994). Defendant does not oppose this requested relief, and the Court otherwise agrees.

### IV. Motion for *Lafler/Frye* Hearing.

The Government requests that the Court inquire whether Defense counsel communicated plea offers to the Defendant that were extended by the Government, in order to avoid a future habeas petition. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("defense counsel has the duty to communicate formal offers form the prosecution to accept a plea on terms and conditions that may be favorable to the accused").[2] After inquiry by the Court's courtroom deputy, Defense counsel declined to respond to the Motion, thus the Court assumes the Motion is unopposed. The Court concludes that a *Lafler/Frye* hearing is appropriate.

However, the Court declines to be hear the details of any plea negotiations, and will avoid any inquiry into privileged communications. *See, e.g.,* Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney… may discuss and reach a plea agreement. The court must not participate in these discussions."). However, an inquiry concerning the factual information about whether defense counsel communicated the terms of

---

[1] *See* 10th Cir. Pattern Jury Instructions § 1.28 (2015); *see also United States v. Toledo,* 739 F.3d 562, 567 (10th Cir. 2014) ("[a] person may resort to self-defense if [s]he reasonably believes that [s]he is in imminent danger of death or great bodily harm, thus necessitating an in-kind response.").

[2] Although the Government calls this a *Lafler/Frye* hearing, *United States v. Lafler* appears to be irrelevant, as there is no allegation that defendant rejected the plea on his counsels deficient advice, and it appears that the Government's proposed colloquy declines to inquire into the terms of the plea. 566 U.S. at 160, 168 ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.")

4

the plea offer to Defendant is not protected by attorney-client privilege. The "mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege[;] rather, the "communication between a lawyer and client must relate to legal advice or strategy sought by the client . . . ." *In re Grand Jury Proceedings*, 616 F.3d at 1182 (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550–51 (10th Cir. 1995) and *U.S. v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998)). If necessary, the parties may discuss at the hearing whether to put the terms of the plea agreement on the record as contemplated in *Frye*. 566 U.S. at 146.[3]

The Government suggests the following language which the Court could use during the inquiry:

> I am informed that the government made you a plea offer that you rejected.
>
> Do not tell me about the content of any discussion between you and your counsel.
>
> Do not tell me the terms of any plea offer made by the government. This Court is not involved in any plea negotiations, and states no opinion regarding your decision to plead guilty or proceed to trial. I simply request a yes or no answer to the following questions:
>
> First, did you discuss with your attorney the plea offer made by the government?
>
> Second, are you satisfied that, prior to rejecting the plea offer, you had a full and complete opportunity to discuss the plea offer with your attorney?

The Court is satisfied that this proposed colloquy forms the basis for an inquiry which would adequately prevent disclosure of privileged communications. Neither party has requested an *ex-parte* hearing. Moreover, it appears that the Government has not requested that the terms of the plea offer be put on the record.

**V.    Matters to be Addressed at Hearing on July 23, 2018**.

---

[3] Alternatively, the Government may offer as a sealed exhibit any written plea offer made to Defendant's counsel, and while the Court would not view the specific terms of any written offer, it could be made a sealed exhibit to the proceedings for any potential future reference.

As explained above, the parties should be prepared to discuss at the July 23, 2018 hearing the follows matters:

- Defendant's offer of proof as to his self-defense theory;
- the Motion to Suppress **(Doc. 54),** already set for evidentiary hearing;
- the *Lafler/Frye* colloquy.

**THEREFORE,**

**IT IS ORDERED** that the Government's First *Omnibus* Motion in *Limine*, filed May 14, 2018 **(Doc. 60)** is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the Government's Motion for *Lafler/Frye* hearing is **GRANTED**.

**IT IS FINALLY ORDERED** that the Government's Motion in *Limine* **(Doc. 60) and** Motion for *Lafler/Frye* Hearing **(Doc. 57)** are set for hearing, as described above.

_____
CHIEF UNITED STATES DISTRICT JUDGE